**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JANICE EUVENE MINER,

      Plaintiff,

vs.                                                                      CASE NO. 3:11-cv-50-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.
_____

## ORDER AND OPINION

      This case is before the Court on Plaintiff's complaint (Doc. #1) seeking review of the final decision of the Commissioner of the Social Security Administration (the Commissioner) denying Plaintiff's claims for disability insurance benefits ("DIB"). 42 U.S.C. § 405(g). Plaintiff filed a legal memorandum in opposition to the Commissioner's decision (Doc. #9). Defendant filed a memorandum in support of the decision to deny disability benefits (Doc. #13). Both parties consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by the Order of Reference dated June 3, 2011 (Doc. #11). The Commissioner has filed the transcript of the underlying administrative proceedings and the record evidence (hereinafter referred to as "Tr." followed by the appropriate page number).

      The undersigned has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs and the materials provided in the transcript of the underlying proceedings. Upon review of the record, the undersigned found the issues raised by Plaintiff were fully briefed, and determined oral

1

argument would not benefit the undersigned in making his determinations.

Accordingly, the instant matter has been decided on the written record. For the reasons set out herein, **the Commissioner's decision is REVERSED and the case is REMANDED** for additional proceedings.

## I. Procedural History

On September 22, 2006, the Plaintiff protectively filed an application for DIB alleging disability beginning October 3, 2005. (Tr. 120). Her claim was denied initially on December 11, 2006 (Tr. 52-53) and upon reconsideration (Tr. 54-55). On May 22, 2007, Plaintiff filed a request for a hearing by an ALJ (Tr. 62). A hearing was held November 13, 2008, at which Plaintiff was represented by attorney Jessica Dumas (Tr. 28-50). On December 9, 2008, the ALJ found Plaintiff not disabled and issued a notice of unfavorable decision (Tr. 11-25). On December 22, 2008, Plaintiff filed a request for review of the ALJ's decision (Tr. 10). On November 19, 2010, the Appeals Council denied review (Tr. 1-4). Plaintiff filed the instant action in federal court on January 18, 2011, requesting this Court reverse and set aside the decision of the Commissioner, or remand for a *de novo* hearing (Doc. #1).

## II. Summary of the ALJ's Decision

A plaintiff may be entitled to disability benefits under the Social Security Act if he or she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). The Commissioner has established a five-step sequential evaluation process for

determining whether a plaintiff is disabled and therefore entitled to benefits.[1] *See* 20 C.F.R. §§ 404.1520[2]; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).

In the instant case, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 3, 2005, her alleged onset date (Tr. 16). At step two, the ALJ found Plaintiff suffered from the following severe impairments: migraines; chronic headaches; shoulder pain; status post arthroscopic surgery; myofascial pain syndrome; and degenerative disease of the cervical and lumbar spine. *Id.* At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Pt. 404 Subpt. P (Tr. 17). At step four, the ALJ found Plaintiff retained the residual functional capacity ("RFC")

> to lift and/or carry 20 pounds occasionally, 10 pounds frequently. She can stand about 6 hours in an 8 hour workday; walk about 6 hours in an 8 hour workday; and sit about 6 hours in an 8 hour workday with normal breaks. She is limited to occasional overhead reaching with both arms and hands.

(Tr. 18). Utilizing the testimony of a vocational expert ("VE"), the ALJ found Plaintiff was able to perform his past relevant work as an insurance analyst (Tr. 24). Therefore, the ALJ

---

[1] First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). A plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987).

[2] Unless otherwise specified, all references to 20 C.F.R. will be to the 2011 edition.

found Plaintiff was not under a disability from October 3, 2005, her alleged onset date, through September 30, 2007, the date last insured.[3]  *Id.*

### III.  STANDARD OF REVIEW

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence.  *See also Richardson v. Perales*, 402 U.S. 389, 390 (1971).

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is defined as more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982)).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560.

---

[3] To be eligible for disability insurance benefits under Title II of the Social Security Act, Plaintiff must establish that her disability began before her insured status expired.  42 U.S.C. 423 (a) and (c); 20 C.F.R. 404.101, 404.130, 404.131; *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th CIr. 2002).  The record establishes that Plaintiff's insured status expired on September 30, 2007.  Therefore, Plaintiff must establish disability prior to that date.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the reviewing court must not re-weigh the evidence, but must determine whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

As in all Social Security disability cases, a plaintiff bears the ultimate burden of proving disability, and is responsible for furnishing or identifying medical and other evidence regarding his or her impairments. *Bowen*, 482 U.S. at 146 n.5; *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991); *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987); 42 U.S.C. § 423(d)(5) ("An individual shall not be considered to be under a disability unless he [or she] furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require."). It is a plaintiff's burden to provide the relevant medical and other evidence that he or she believes will prove disabling physical or mental functional limitations. 20 C.F.R. § 404.704.

## IV. Analysis

Plaintiff raises three arguments on appeal. First, Plaintiff argues the ALJ failed to mention, discuss or assign weight to the opinion of consulting physician Dr. Lily Rocha. Second, Plaintiff argues the ALJ failed to articulate good cause for discounting the opinion of Plaintiff's treating physician, Dr. Henry Rodeffer. Third, Plaintiff argues the ALJ failed to consider the effects of Plaintiff's gastric condition, nausea, weight loss, rheumatoid/inflammatory arthritis, severe gastroesophageal disease, and Raynaud's syndrome on her ability to perform work.

Upon review and consideration of the ALJ's decision and the record evidence, the Court finds error on the issue of whether the ALJ properly weighed the opinion evidence. Contrary to Defendant's assertions, this error requires remand of the case for additional proceedings. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000) (citing *Knipe v. Heckler*, 755 F.2d 141, 149 n.16 (10th Cir.1985) and *Dong Sik Kwon v. INS*, 646 F.2d 909, 916 (5th Cir.1981) (en banc)). *Post hoc* rationalizations set forth in Defendant's Brief will not cure this defect in the ALJ's decision. *See Baker v. Comm'r of Soc. Sec.*, 384 Fed. Appx. 893, 896 (11th Cir. 2010) (noting the Supreme Court's holding that a court may not accept appellate counsel's *post hoc* rationalizations for defective agency decisions).[4]

---

[4] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

**A.    The medical opinion evidence**

   **i.    Dr. Lily Rocha's opinion**

Dr. Lily Rocha, a consulting medical examiner, issued a report dated November 7, 2008[5] (Tr. 738-45). Dr. Rocha's evaluation included a physical examination and "careful review of extensive medical records received" (Tr. 739). Dr. Rocha's impressions included: daily tension headaches complicated by migraines several times per week; cervical spine arthritic changes with severe spasm on the left side; left rotator cuff injury limited range of motion of the left shoulder; gastroesophageal reflux disease and irritable bowl syndrome with severe constipation; lower back pain with sciatica radiation of discomfort down both legs; esophageal mobility problems; severe depression; enormous fatigability even with the most minimal of exertion (Tr. 740). Dr. Rocha stated Plaintiff "would not be able to function at all in the workplace as she is severely depressed and cannot really function for more than 5 minutes without being miserable from pain. She would definitely have missed more work days than being able to show up for any kind of work, even sedentary work." *Id.*

Dr. Rocha completed a physical RFC questionnaire and found Plaintiff had the following limitations: Plaintiff's pain or other symptoms would constantly interfere with attention and concentration needed to perform even simple work tasks; Plaintiff was incapable of even "low stress" jobs; Plaintiff could walk thirty feet without rest or severe pain; Plaintiff could sit up to thirty minutes at one time and could stand for five minutes before becoming off balance; Plaintiff could sit and stand/walk less than two hours in an eight-hour day; Plaintiff could never lift and carry any weight, even less than ten pounds;

---

[5] The report was submitted to the hearing office via fax on November 13, 2008 and was admitted to the record as Exhibit 41F.

Plaintiff could rarely look down, up, turn head right or left, or hold head in static position; Plaintiff could rarely twist, stoop, crouch/squat; or climb ladders or stairs; Plaintiff has significant limitations with reaching, handling or fingering due to a slight tremor; Plaintiff's impairments would likely produce "all bad" days; Plaintiff is likely to miss more than four days per month; Plaintiff should avoid extreme odors because of her nausea, loud noises and bright lights because of her headaches, and cold and rain (Tr. 742-44). Dr. Rocha stated these symptoms and limitations applied since October 3, 2005 (Tr. 745).

An ALJ must consider and evaluate every medical opinion received. 20 C.F.R. § 404.1527 ("Regardless of its source, we will evaluate every medical opinion we receive."). The ALJ must base his RFC assessment on "*all* of the relevant evidence in the case record." SSR 96-8p, 1996 WL 374184 at *5 (S.S.A. 1996) (emphasis added); *see also Nguyen v. Chater*, 172 F.3d 31, 34 (1st Cir. 1999) (holding an ALJ must base his RFC assessment on all relevant evidence including observations of treating physicians and others, medical records, and the description of the claimant's limitations). Social Security Ruling 96-8p further provides, "The adjudicator must consider all allegations of physical and mental limitations or restrictions." *Id.*

Additionally, in assessing the medical evidence, the ALJ must "state with particularity the weight he gave the different medical opinions and the reasons therefor." *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)). Thus, while it is true the determination of disability under the Social Security Act is reserved to the Commissioner, the ALJ is nevertheless required to consider and explain the weight given to opinions of medical doctors, including examining consulting physicians. *See McCloud v. Barnhart*, 166 Fed. Appx. 410, 419 (11th Cir. 2006) (remanding

8

where ALJ did not explain weight given to consulting psychologist's report or the reasons for discrediting his opinion); *Kline-Parris v. Astrue*, No. 1:10-cv-111-MP-GRJ, 2011 WL 4375047, at *13-14 (N.D. Fla. Aug. 18, 2011) (holding ALJ erred by ignoring and failing to discuss opinion of non-examining consulting physician).

Here, the ALJ failed to address or discuss Dr. Rocha's opinion at all. Therefore, the Court cannot ascertain whether the ALJ considered this medical opinion, and how much weight, if any, the ALJ gave to Dr. Rocha's detailed opinion. Where the ALJ fails to reference a medical opinion, the Court may not presume the ALJ considered the opinion and assigned it no weight. *Williams v. Astrue*, No. 3:10-cv-235-J-JBT, 2011 WL 721501, at *3 (M.D. Fla. Feb. 22, 2011) (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) ("A court may not merely presume that if the ALJ does not discuss a medical opinion, the opinion must have been given little or no weight. If the Court makes such a presumption, it is effect abdicates its responsibility 'to scrutinize the record as a whole to determine whether the conclusions reached as rational.'").

In very limited circumstances, the failure of an ALJ to state the weight given to the medical opinion evidence from a physician may be harmless error. *See Caldwell v. Barnhart,* 261 Fed.Appx. 188, 191 (11th Cir. 2008) (holding ALJ's failure to discuss weight given to examining physician constituted harmless error where limitations assessed by physician would not affect plaintiff's ability to perform job cited by VE; ALJ's failure to discuss weight given to examining psychologist constituted harmless error where opinion did not contradict the ALJ's finding and was substantially similar to that of another doctor whose opinion was given substantial weight); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001) (holding ALJ's failure to discuss a physician's opinion

constituted harmless error where the ALJ had attributed limitations of the claimant that were consistent with the doctor's opinion). In this instance, however, the weight afforded the medical opinions could very well make a difference in Plaintiff's assessed RFC. The limitations assessed by Dr. Rocha are also substantially more restrictive than those contained in the RFC. Not only are the limitations assessed by Dr. Rocha similar in some aspects to those assessed by Plaintiff's treating physician, Dr. Rodeffer, but Dr. Rocha's report contradicts the limitations found by the non-examining consulting physicians, whose opinions were given more weight by the ALJ.[6]

The Eleventh Circuit has noted that the focus of any RFC assessment is on the doctors' evaluations of a claimant's condition and the resulting medical consequences. *Lewis v. Callahan*, 125 F.3d at 1440. Although the ALJ has wide latitude to evaluate the weight of the evidence, he must do so in accordance with prevailing precedent. In determining the weight accorded to the opinion of an examining physician who conducts a consultative examination of a plaintiff, the opinion of an examining physician is usually given more weight than the opinion of a non-examining physician. *Id.*

As it is impossible for the Court to tell if the ALJ properly considered and weighed all the evidence in the record, this case must be remanded. *See Lawton v. Comm'r of Soc. Sec.*, 431 Fed. Appx. 830, 835 (11th Cir. 2011) (internal citations and quotations omitted) ("Although the ALJ is not required to specifically refer to every piece of evidence in the

---

[6] In deciding to give more weight to the opinions of the non-examining consulting physicians, the ALJ explained, "Although their opinions were rendered earlier in the appeals process, the record does not reflect any subsequent opinion, treatment or finding that is inconsistent with these opinions" (Tr. 24). This statement is obviously inaccurate because Dr. Rocha's opinion is inconsistent with the non-examining physicians' opinions and was rendered at a later time.

record, he is required to explain the weight he afforded to obviously probative exhibits."); *Owens v. Heckler*, 748 F.2d 1511, 1515-17 (11th Cir. 1984) (declining to affirm an ALJ's decision where it was unclear what test the ALJ used in reaching his conclusions and concluding it was not proper to affirm simply because some rationale might have supported the ALJ's conclusions). In making this determination, the Court has declined, as it must, to re-weigh the evidence in search of support for the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d at 1239.

### ii. Dr. Henry Rodeffer's opinion

If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is not entitled to controlling weight, the case law and the Regulations require the ALJ to give substantial weight to the opinion, unless there is good cause to do otherwise. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); 20 C.F.R. § 404.1527(d). The Eleventh Circuit has concluded "good cause" exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or, (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Phillips v. Barnhart,* 357 F.3d 1232, 1240-41 (11th Cir. 2004) (citing *Lewis*, 125 F.3d at 1440). An ALJ must clearly articulate his reasons for electing to disregard the opinion of a treating physician. *Id.* at 1241.

When a treating physician's opinion does not warrant controlling weight, the ALJ must weigh the opinion based on: (1) length of the treatment relationship and the frequency

of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical issues at issue; and (6) other factors which tend to support or contradict the opinion. *Sullivan v. Astrue*, No. 3:09-cv-411-J-JBT, 2010 WL 3729811, at *6 (M.D. Fla. Sept. 17, 2010); 20 C.F.R. § 404.1527(d). A treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984). Furthermore, the opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician. *Lamb v. Bowen,* 847 F.2d 698, 703 (11th Cir.1988).

In the instant case, the ALJ concluded Dr. Rodeffer's opinion was "not entitled to controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques" (Tr. 23). The ALJ then stated, "His opinion was inconsistent with the opinion of the medical consultants for the State Agency who reviewed the record." *Id.* Plaintiff argues the ALJ failed to articulate good cause to discredit Dr. Rodeffer's opinion. Plaintiff argues the ALJ's first rationale is "generic and basically amounts to a recitation of black letter law" and thus the ALJ's "only specific detailed reason for rejecting Dr. Rodeffer's opinion was that it conflicted with the state agency opinions" (Plaintiff's Brief, at 19). The undersigned agrees with Plaintiff that the ALJ did not properly discount Dr. Rodeffer's opinion and therefore erred in assigning greater weight to the non-examining medical consultants.

The undersigned finds *Crawford v. Astrue*, No. 5:10-cv-222-RS-WCS, 2011 WL 2694683 (N.D. Fla. June 13, 2011), to be very persuasive. In *Crawford*, the court noted the ALJ had "set forth a very thorough review of the medical evidence and Plaintiff's testimony."

12

*Id.* at *9. However, when it came time to discuss the weight to be given to the opinion of plaintiff's treating physician, Dr. Harding, the ALJ simply stated his opinion was "not entitled to controlling or substantial weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with the reports from other sources who have examined the claimant." *Id.* The ALJ then relied upon the opinions of the non-examining consulting physicians. *Id.* The court found these two statements to be inadequate to support the conclusion that the treating physician's opinion was not entitled to great weight. The court reasoned,

> These two statements are inadequate to support the conclusion that the opinion of Dr. Harding is not entitled to receive great weight. The first does not articulate specific reasons supported by specific substantial evidence in the record. Had the ALJ correlated the medical evidence upon which he relied to his determination to discount the opinion of Dr. Harding, this court would have something to review. As it stands, it does not.
>
> The second is equally inadequate. The opinion of a non-examining physician is "entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan,* 914 F.2d 222, 226 n. 3 (11th Cir.1990), *citing, Broughton v. Heckler,* 776 F.2d 960, 962 (11th Cir.1985).

*Id.*

In the instant case, the ALJ similarly set forth a very thorough review of the medical evidence and Plaintiff's testimony. However, when discussing the weight to be given to the opinion of Dr. Rodeffer, the ALJ provided the same two reasons (that were rejected by the court in *Crawford*) for not giving Dr. Rodeffer's opinion controlling weight, without further analysis or elaboration. As in *Crawford*, the ALJ's failure to correlate evidence in the record to his decision to give Dr. Rodeffer's opinion less than controlling weight constituted error. *See also Perez v. Comm'r of Soc. Sec.*, No. 6:10-cv-410-Orl-31GJK, 2011 WL 2610168,

13

at *15 (M.D. Fla. June 13, 2011) (noting the ALJ provided "an exhaustive review of the medical record and opinion evidence" but nonetheless finding the ALJ failed to clearly articulate reasons which establish good cause to reject the opinions of plaintiff's treating physicians).

Furthermore, while the ALJ found Dr. Rodeffer's opinion was not entitled to controlling weight, he did not state with particularity how much, if any, weight was given to Dr. Rodeffer's opinion. If the ALJ completely discounted Dr. Rodeffer's opinion, as he appears to have done,[7] then he failed to adequately explain why Dr. Rodeffer's opinion was not entitled to any weight. *See* SSR 96-2p, 1996 WL 374188 (S.S.A. July 2, 1996) ("Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927."); *Sullivan*, 2010 WL 3729811, at *6 (agreeing with ALJ's decision to not give treating physician's opinion controlling weight but finding error in the ALJ's failure to articulate good cause for not giving treating physician's opinion substantial weight); *Blades v. Astrue*, No. 3:09-cv-430-J-34MCR, 2010 WL 3490215, at *12 (M.D. Fla. Aug. 5, 2010) (finding error where ALJ determined treating physician's opinion was not entitled to controlling weight but failed to state with particularity

---

[7] It appears the ALJ completely discounted Dr. Rodeffer's opinion, as Dr. Rodeffer assessed Plaintiff with substantial limitations. The VE testified that a person with those restrictions would not be able to perform any jobs in the national economy, because it would limit the physical activities involved in sedentary work (Tr. 47).

14

how much weight was given to his opinion). As stated previously, when an ALJ determines a treating physician's opinion is not entitled to controlling weight, he must then give the opinion substantial weight unless he establishes good cause exists to do otherwise. *Lewis*, 125 F.3d at 1440; 20 C.F.R. § 404.1527(d). The opinion of a non-examining physician does not establish the good cause necessary to reject the opinion of a treating physician. *Lamb v. Bowen,* 847 F.2d 698, 703 (11th Cir.1988); *see also Sharfarz*, 825 F.2d at 279 ("The opinions of nonexamining, reviewing physicians . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence."). Other than stating Dr. Rodeffer's opinion was inconsistent with the non-examining State Agency physicians' opinion, the ALJ did not allege good cause existed to give Dr. Rodeffer's opinion less than substantial weight.[8]

Accordingly, the Court finds the ALJ failed to properly evaluate the medical opinions, and as such, the ALJ's decision is not supported by substantial evidence. On remand, the ALJ should specify the weight accorded to Dr. Rodeffer's opinion, as well as any other examining physicians, such as Dr. Rocha, and clearly articulate his reasons for accepting or rejecting those opinions. Upon reconsideration of all medical opinions found in the record, the ALJ shall reassess Plaintiff's residual functional capacity.

**B.   Plaintiff's other alleged impairments**

Plaintiff argues the ALJ erred in failing to consider the severity of Ms. Miner's gastric condition, nausea, weight loss, rheumatoid/inflammatory arthritis, severe gastroesophageal

---

[8] As discussed previously, the ALJ's statement that Dr. Rodeffer's opinion was inconsistent with the consulting physicians' opinions is not entirely accurate, as the ALJ failed to consider Dr. Rocha's opinion, which contained similar limitations to those assessed by Dr. Rodeffer.

15

disease ("GERD"), and Raynaud syndrome[9] or the effects of these conditions on her ability to perform work. The ALJ did not find these alleged impairments to be severe or identify any functional limitations resulting from these conditions.

As an initial matter, insofar as Plaintiff is understood to claim that the ALJ erred at step two of the five-step sequential evaluation process dictated by the regulations, the claim is without merit. At this step of the evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. 20 C.F.R. §§ 404.1520, 416.920. By definition, this inquiry is a "threshold" inquiry. In this circuit, an impairment is not severe if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *McDaniel v. Bowen*, 800 F. 2d 1026, 1031 (11th Cir. 1986). A diagnosis of a medical condition is not determinative of whether that condition constitutes a severe impairment. *Id.* As noted, it is the effect an impairment has on one's ability to work that determines disability within the meaning of the Social Security Act. The effects of an impairment are measured by the limitations to the ability to work. The ALJ must consider a claimant's limitations on the ability to work when assessing the severity of an impairment. *See* 20 C.F.R. §§ 416.920(c), 416.921 (limitations from an impairment determine whether it is severe).

However, case law dictates that "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment

---

[9] Raynaud's syndrome causes decreased blood flow and circulation to the extremities that is triggered by cold or stress and may result in discoloration and pain. *See* What is Raynaud's? http://www.nhlbi.nih.gov/health/health-topics/topics/raynaud/ (last visited March 20, 2012).

16

or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir.1987); *see also Heatly v. Comm'r of Soc. Sec.,* 382 Fed. Appx. 823, 824-25 (11th Cir. 2010). Here, consistent with the regulations and applicable law, the ALJ credited Plaintiff with severe impairments at step two and proceeded forward with his evaluation. Thus, if there is error, it arises from the subsequent failure of the ALJ to fully account for functional limitations arising from the claimant's impairments.

In determining whether an individual's physical or mental impairments are of sufficient severity to establish disability under the Regulations, the ALJ is required to consider all of the individual's impairments regardless of whether each impairment on its own is found to be severe. 20 C.F.R. § 416.923; *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986) ("Clearly, the ALJ must consider every impairment alleged."). The Eleventh Circuit has held that where "a claimant has alleged a multitude of impairments, a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling." *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

### i. Arthritis and Raynaud's Syndrome[10]

In the instant case, the ALJ acknowledged in his opinion that Plaintiff alleged disability due to arthritis (Tr. 18). However, the ALJ did not otherwise address or discuss

---

[10] With regards to Raynaud's syndrome, there is scant reference to this condition in the medical record, although it appears to be related to Plaintiff's arthritis or to otherwise mirror her complaints of arthritis. A record from Dr. James Popp dated March 16, 2004 notes Plaintiff had "mild osteoarthritis of her hands, possible Raynaud's phenomenon, and she also has a positive rheumatoid factor" (Tr. 234). Later records from Dr. Huber Matos-Garsault in March and April 2008 reflect diagnoses of active rheumatoid/inflammatory arthritis and active Raynaud syndrome after Plaintiff's complained of numbness and pain in her upper extremities and hands, particularly on the left side, and hyperesthesia in her hands (Tr. 585-88).

17

this alleged impairment. His failure to do so was error. *See Gibson*, 779 F.2d at 622-23 (finding error where ALJ did not discuss each claimed impairment); *Wuerth v. Astrue*, No. 8:06-cv-1353-T-30TBM, 2008 WL 680211, at *5 (M.D. Fla. Mar. 7, 2008) (finding ALJ did not meaningfully discuss alleged impairments where his review of the medical record included no discussion of the impairments, despite his acknowledging plaintiff's testimony of such and citing to records reflecting diagnoses, symptoms, and treatment).

Defendant argues "Plaintiff failed to show that her condition caused any additional limitations on her ability to work" (Defendant's Brief at 15). The Court finds this argument to be without merit. In her initial disability report, Plaintiff alleged "arthritis in her hands and fingers make keying computer difficult." *Id.* Dr. Rocha's physical evaluation of Plaintiff found deformity of the left fingers "consistent with erosion from rheumatoid arthritis," and her grip and fine dexterity were 3/5 on the right side and 2/5 on the left side (Tr. 739). Dr. Rocha found Plaintiff had significant limitations with reaching, handling or fingering, and could only handle or finger with her left hand ten percent of an eight-hour workday (Tr. 744). Thus, contrary to Defendant's assertion, Plaintiff did present evidence that her arthritis resulted in functional limitations that affected her ability to perform basic work activities. Further, the ALJ's failure to address this impairment is not insignificant. The ALJ found Plaintiff was capable of performing her past relevant work as an insurance analyst, which requires occasional handling and fingering, meaning those activities are required up to one-third of the time. *See* DOT #241.137-018, 1991 WL 672240 (1991). This finding conflicts with the limitations assessed by Dr. Rocha, whose opinion was improperly disregarded by the ALJ. Accordingly, the Court finds the ALJ failed to meaningfully evaluate the impact of Plaintiff's arthritis on her ability to perform basic work functions.

### ii. Gastric conditions, GERD, nausea, and weight loss

As noted by Plaintiff, the medical record is replete with references to Plaintiff's complaints of nausea and vomiting, her weight loss, and various gastric conditions, including GERD. However, in contrast to his treatment of Plaintiff's arthritis, the ALJ's decision reflects consideration of these conditions. The ALJ discussed in detail medical records reflecting diagnoses and treatment for these conditions. For example, the ALJ noted Plaintiff had received treatment, including extensive workups, from Dr. Rodeffer for chronic constipation and chronic weight loss (Tr. 21). He noted a colonoscopy and upper endoscopy performed were normal. *Id.* He also acknowledged that Dr. Rodeffer diagnosed Plaintiff with weight loss and GERD in his RFC questionnaire and based his limitations on these diagnoses. These references show the ALJ was aware of and considered these conditions. Additionally, the ALJ found Plaintiff's migraines and chronic headaches to be severe impairments. As nausea and vomiting are common symptoms of migraines, the ALJ clearly considered Plaintiff's allegations regarding these conditions.

Nonetheless, the Court has found the ALJ failed to properly evaluate the medical opinions and therefore must engage in a reassessment Plaintiff's residual functional capacity on remand. Such reassessment would necessarily involve determining whether Plaintiff's nausea, weight loss, gastric conditions, and arthritis result in functional limitations beyond those previously found by the ALJ in light of his reconsideration of Dr. Rodeffer's and Dr. Rocha's opinions.

## V. Conclusion

Accordingly, the decision of the Commissioner shall be **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g). The case is **REMANDED** for additional proceedings consistent with this Order and Opinion. On remand, the ALJ shall reopen the record and accept any additional evidence deemed appropriate. The Clerk of Court is directed to enter judgment consistent with this Order and Opinion, and thereafter to close the file.[11]

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits. Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of March, 2012.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to: All counsel of record
and *Pro se* parties, if any

---

[11] If Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) **must be filed within thirty (30) days** of the Commissioner's final decision to award benefits. *See Bergen v. Comm'r Soc. Sec.*, 454 F.3d 1273, 1278 n.2 (11th Cir. 2006) (recognizing under Fed. R. Civ. P. 54(d)(2)(B) the district court may enlarge the time for any attorney to petition for fees and suggesting time be stated in the judgment); *compare with* Fed. R. Civ. P. 54(d)(2)(B) and M.D. Fla. Loc. R. 4.18(a) (both requiring that unless a statute **or court order** provides otherwise, any motion for attorney fees must be filed no later than fourteen (14) days after entry of judgment) (emphasis added). This Order and Opinion does not, however, extend the time limits for filing a motion for attorney fees under the Equal Access to Justice Act.